UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND MCPETERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-01993-JAR |
| | ) |
| BAYER CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiffs' motion to remand the action to state court (Doc. No. 21). For the reasons set forth below, the motion shall be granted.

Plaintiffs first filed this action in the Circuit Court of the City of St. Louis, Missouri, on September 28, 2016, seeking damages for injuries sustained as a result of the implantation and use of Essure. The 94 Plaintiffs reside in multiple states, including Missouri, Indiana, Pennsylvania, and New Jersey. Defendant Bayer Corporation is a citizen of Indiana and New Jersey;[1] Defendant Bayer Healthcare LLC is a citizen of Delaware, New Jersey, Pennsylvania, Germany and the Netherlands; Defendants Bayer Essure Inc. and Bayer Healthcare Pharmaceuticals, Inc. are citizens of Delaware and New Jersey. Bayer AG is a citizen of Germany.

On October 28, 2016, Defendants first removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), federal question jurisdiction under 28 U.S.C. § 1331, and the Class Action Fairness Act (CAFA). See McPeters v. Bayer Corp., No.

---

[1] Plaintiffs in their complaint allege that Defendant Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania. However, Bayer in its notice of removal asserts that since January 1, 2017, Bayer Corporation's principal place of business has been New Jersey. Doc. No. 1 at ¶ 26.

4:16-CV-01680-SPM (ECF No. 1, Sep. 28, 2016). The Court found that subject matter jurisdiction was lacking and remanded the case on January 5, 2017. McPeters v. Bayer Corp., No. 4:16-CV-01680-SPM, 2017 WL 57250 (Jan. 5, 2017). On July 18, 2017, Defendants removed this case for a second time, asserting that all of the non-Missouri Plaintiffs should be dismissed from the case, and that the Court's diversity jurisdiction then would apply to the remaining Missouri Plaintiffs' claims.

Defendants' basis for their second removal primarily rests with the United States Supreme Court's ruling in Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773 (2017). In that case, the Supreme Court held that state courts lack specific jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed, even if those plaintiffs join their claims with in-state plaintiffs.

Defendants' legal ground for their second attempt to remove this case is the changed circumstances exception to the time limitation for removal set forth in 28 U.S.C. § 1446(b). Under that statute, a case must be removed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceedings is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." See 28 U.S.C. § 1446(b)(1). When an initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendants assert that the ruling in Bristol-Myers Squibb qualifies as orders and/or other papers because it changed the legal landscape by clarifying that specific jurisdiction over the

non-Missouri Plaintiffs does not exist and thus triggers a new 30-day period for removal under Section 1446(b)(3).

However, the orders and other paper exception is predominantly limited to orders and other paper issued in the individual case that is being removed. Orders and rulings in separate cases with different parties do not trigger the recommencement of the 30-day limit. See <u>Dahl v. R.J Reynolds Tobacco Co.</u>, 478 F.3d 965, 969 (8th Cir. 2007) ("If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case."); <u>Erhart v. Bayer, Corp.</u>, No. 4:17-CV-1996-SNLJ, 2017 WL 4280635, at *4 (E.D. Mo. Sept. 27, 2017) ("This Court is required to remand this action to state court under 28 U.S.C. § 1446 because the second notice of removal (#1) was not filed within thirty days of defendants receiving a copy of the original state court filing, and no "order or other paper" triggered a new removal period."); <u>Dotson v. Bayer Corp.</u>, No. 4:17-CV-1986-RWS (ECF No. 50, Nov. 17, 2017); <u>Tabor v. Bayer Corp.</u>, No. 4:17-CV-1997-RWS (ECF No. 49, Nov. 17, 2017); <u>Robb v. Bayer Corp.</u>, No. 4:17-CV-01995-RLW (ECF No. 52, Nov. 27, 2017); <u>Hall v. Bayer Corp.</u>, No. 4:17-CV-01999-JCH, ECF No. 58, Nov. 27, 2017).

As a result, Defendants' removal of this matter for a second time was procedurally improper because <u>Bristol-Myers Squibb</u> does not constitute "other paper." Therefore, the Court will grant Plaintiffs' Motion to Remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED**

without prejudice as moot.

Dated this 21st day of December, 2017.

                                                _____
                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE